FARMERS' LOAN & TRUST CO. v. BALTIMORE & O. S. W. RY. CO. et al.

VETTE v. HARMON.

(Circuit Court, D. Indiana. February 3, 1900.)

No. 9,663.

CARRIERS—INJURY TO PASSENGER—CONTRACT LIMITING LIABILITY.

A railroad company cannot relieve itself by any contract from its duty to exercise the greatest possible care and diligence to secure the safety of its passengers, and the fact that a passenger when injured was traveling on a free pass, by which he assumed all risk of accident or damage, whether occurring from negligence or otherwise, is no defense to an action to recover for the injury on the ground that it was caused by the negligence of the company or its employés.[1]

In Equity. This was a petition by Victor C. Vette filed against the receiver of the defendant railway company to recover for a personal injury. On demurrer to answer.

Chambers, Pickens & Moores, for petitioner.
Robert E. Hamill and W. R. Gardner, for receiver.

BAKER, District Judge. Plaintiff charges that he was a passenger riding in a passenger car of the defendant, and that he was seriously injured by the derailment of the car in which he was riding, occasioned by the careless and negligent management of the train, and by the unsafe and insufficient condition of the railroad track, ties, etc. The defendant answers, first, in general denial; and also in two special paragraphs. Each of the two special paragraphs of answer sets up as ground of defense against the negligence charged in the complaint that the plaintiff was traveling on a pass which had been issued to him at his request gratuitously, and without any consideration whatever therefor, and that said pass embodied the following contract: "This pass is not transferable. The person accepting and using it assumes all risk of accident and damage to person and baggage, whether occurring from negligence or otherwise." The plaintiff has demurred to each of the special paragraphs of answer, and in argument insists that the contract set up does not relieve the defendant from liability to respond in damages for the injury which plaintiff sustained through the negligence and carelessness of the defendant and his servants. The

[1] Limitation of liability by carriers for injuries to passengers, see note to Clark v. Geer, 32 C. C. A. 301, 86 Fed. 447.

102 F.—2

question of the right of a railroad company to relieve itself from responsibility for an injury received by a person traveling on a free pass, such injury resulting from the negligence of the company's servants, is one upon which there is a serious conflict in the decisions of the courts of last resort of the various states of the Union. I think, however, that the question is practically settled, so far, at least, as to be binding upon this court, by the decisions of the supreme court of the United States. The case of Railroad Co. v. Derby, 14 How. 468, 14 L. Ed. 502, was an action brought by Derby against the railroad company to recover damages for personal injury received by him while riding as a passenger on the defendant road. He was a stockholder of the railroad company, and was riding gratuitously at the invitation of the president of the road at the time of his injury. It was insisted that he could not recover because he was riding as a gratuitous passenger, and that the high degree of care imposed upon a common carrier of passengers for hire did not apply. The supreme court of the United States, however, discussing the question, remarked:

"When carriers undertake to convey persons by the powerful, but dangerous, agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. And, whether the consideration for such transportation be pecuniary or otherwise, the personal safety of the passengers should not be left to the sport of chance or the negligence of careless agents. Any negligence in such cases may well deserve the epithet of gross."

The case of The New World v. King, 16 How. 469, 14 L. Ed. 1019, was an action for personal injuries received by King through the negligence of the master and sailors employed in navigating the steamboat New World. King was traveling as a passenger gratuitously. The supreme court declared that whether precisely the same obligations in all respects on the part of the master and owners of the boat existed in this case as in that of an ordinary passenger paying fare the court did not find it necessary to determine. After quoting the above language copied from the opinion of the court, the supreme court say, at page 474, 16 How., and at page 1021, 14 L. Ed.: "We desire to be understood to reaffirm that doctrine as resting not only on public policy, but on sound principles of law." The same principle is reaffirmed, and the same language quoted, in The City of Panama, 101 U. S. 453, 462, 25 L. Ed. 1061. In the case of Railroad Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627, which was an action brought by Lockwood, a drover, to recover for personal injuries sustained by him through the negligence of the carrier, it was sought to defeat any recovery by proving that the pass on which he was traveling contained an express agreement that the company should not be liable for any damages or injuries received by him when riding on the pass, occurring from the negligence of the defendant or its servants. On page 383, 17 Wall., at page 641, 21 L. Ed., after a very extended and careful review of the authorities as to the effect of such contract, the supreme court say:

"In the case before us the law, in the absence of special contract, fixes the degree of care and diligence due from the railroad company to the persons carried on its train. A failure to exercise such care and diligence is negli-

gence. It needs no epithet properly and legally to describe it. If it is against the policy of the law to allow stipulations which will relieve the company from the exercise of that care and diligence, or which, in other words, will excuse them for negligence in the performance of that duty, then the company remains liable for such negligence. The question whether the company was guilty of negligence in this case which caused the injury sustained by the plaintiff was fairly left to the jury. It was unnecessary to tell them whether, in the language of law writers, such negligence would be called gross or ordinary."

If, as affirmed by the supreme court, it is the duty of a carrier who undertakes to convey a passenger gratuitously by the powerful, but dangerous, agency of steam, to exercise the greatest possible care and diligence, and that any negligence in such a case might well deserve the epithet of gross, it would seem to be clear that the contract relied upon in this case is unavailing, because it is a contract to relieve the carrier from its own gross negligence. The court does not understand that the law will permit a carrier to relieve itself from responsibility for negligence which may well deserve to be characterized as gross in any case. For these reasons the demurrer to each paragraph of the answer is sustained, to which the defendant at the time excepts.